GARRET D. LOGAN, RESPONDENT, v. W. FRED BELSFERD, CITY CLERK OF THE CITY OF BEVERLY, ET AL., APPELLANTS.

Argued March 2, 1920—Decided June 18, 1920.

"The Home Rule act" (*Pamph. L.* 1917, p. 319) provides for the filing of a remonstrance by property owners affected by a proposed local public improvement. Such a remonstrance was filed, but was not acted upon by the city commissioners, and no hearing was accorded the remonstrants, but the ordinance was passed without reference to the remonstrance. *Held* (1), that the ordinance passed under such circumstances was invalid; (2) that the hearing accorded by the statute in such cases was a condition precedent to the valid exercise of the statutory power to pass the ordinance.

On appeal from the Supreme Court.

For the appellants, *Francis J. Smith.*

For the respondent, *Palmer & Powell.*

The opinion of the court was delivered by

MINTURN, J. Among the powers conferred upon municipalities by chapter 152 of the laws of 1917, known as the "Home Rule act," was that of undertaking and completing local improvements in a specified manner. For that purpose a local improvement is defined in the act (article 20, section 1) as "one the cost of which or a portion thereof may be assessed upon lands in the vicinity thereof benefited thereby." A specific enumeration of such improvement is therein enumerated, among them laying out, widening, straightening, extending, changing or altering in any manner, or grading or altering or paving or repaving or otherwise improving or reimproving any street; or curbing, or recurbing, guttering or reguttering any sidewalk; and general power by ordinance is given "whenever convenient to carry on one or more of such works as one improvement."

Prior to the passage of such ordinance it is provided that notice of the pendency of the ordinance shall be mailed to every known property owner affected, "and a hearing accorded to every person interested therein."

Section 10 of article 20 of the act provides that no "local improvement" shall be undertaken where objection thereto is filed with the municipal clerk, in writing, by two-thirds in value of the lands proposed to be assessed for such improvements, before the final passage of the ordinance. In this situation the commissioners of the city of Beverly had before them for introduction an ordinance providing for the construction of sidewalks and curbs upon certain streets of the city; and on May 6th, 1919, directed by resolution the clerk to notify the property owners of the city that such an ordinance would be introduced at a meeting on May 20th, 1919, the expense "to be charged against the abutting owners." At that meeting no such ordinance was introduced, but a prior measure of that general tenor was by motion ordered back to first reading, for the purpose of amendment. When amended this ordinance provided not for the construction of sidewalks and curbs alone, but for the "construction, reconstruction, paving, repaving, curbing, recurbing, improving and repairing the sidewalks * * * and the laying of cross-walks at the general expense of the city."

The latter ordinance was, in effect, so far as title is concerned, a resuscitation of an ordinance introduced at a meeting on April 22d, limited in its operation to certain streets; but, at the meeting of May 20th, its operation was enlarged so as to cover in the language of the title "the streets of the city."

It will be observed, therefore, that the ordinance introduced at the meeting of May 20th was not the ordinance to which the property owners were notified to respond, but a radically different measure. The ordinance, however, passed its first reading and was ordered published in the local paper, and notice was thereby given that at the meeting of June 3d it would be taken up for final reading. At that meeting a remonstrance against its passage was filed with the commis-

sioners, signed by owners of two-thirds in value of the property affected. This was referred to the city surveyor and no further action was taken thereon. The ninth and tenth sections of the same article of the "Home Rule act" provide that upon such interposition by property owners affected, the commissioners shall take action thereon; and the spirit and purpose, as well as the language of the enactment in such a situation, is intended to provide a hearing to such interested objectors; otherwise the provision in the act providing for a remonstrance would operate simply to "keep the word of promise to the car and break it to the hope."

The ordinance was thus passed without a hearing, and this writ is invoked by an affected property owner to vindicate his statutory right in that respect.

It is no answer to this demand to assert that by commingling the making of a sidewalk improvement with other improvements concededly local, within the express terms of the enactment, the right of preliminary hearing may be denied to the protesting property owner. It is enough to observe that the ordinance in question includes in its provisions the making of "local improvements;" and we are therefore not required to pass upon the question whether sidewalks may be comprehended in such a statutory designation. The fundamental defect in the situation is of a twofold character. The ordinance which was passed was not the measure which was introduced, and which the property owners were notified to appear, and had a right to discuss, but was a measure of a radically different character, and created new and more comprehensive obligations, and as the proceedings are statutory, and are conceived and prosecuted not up the initiative of the property owners affected, but are entirely *in invitum,* the statutory provisions must be subjected to a reasonably strict construction, in furtherance of the constitutional requirement of due process of law. *State* v. *Van Gieson,* 15 *N. J. L.* 340; *State* v. *Jersey City,* 30 *Id.* 93; *Erie Railroad* v. *Paterson,* 79 *Id.* 512.

The necessity for such a construction in this instance is emphasized because the method provided by statute to insure a

hearing by written protest or remonstrance, and which is intended by the statute to operate as a condition precedent to the valid passage of the ordinance, was concededly discarded and ignored.

The statutory right thus conceded in such a situation becomes more than a mere empty form; it carries with it the substantial right to practically effectuate the purpose of such remonstrance by means of a public hearing; for, as was said in *Londoner* v. *Denver,* 210 *U. S.* 374, cited by Mr. Justice Swayze, speaking for this court in *Erie Railroad* v. *Paterson, ubi supra:* "A hearing in its very essence demands that he who is entitled to it shall have the right to support his allegations by argument, however brief, if need be by proof, however informal."

This palpable right having been denied the prosecutor, the judgment appealed from must be affirmed.

*For affirmance*—SWAYZE, PARKER, MINTURN, BLACK. WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON, JJ.    8.

*For reversal*—KALISCH, J.    1.