COMMONWEALTH *vs*. BRIAN SMITH. October 25, 2010. *Armed Home Invasion. Practice, Criminal*, Indictment.

The defendant was convicted of armed home invasion, G. L. c. 265, § 18C; armed assault with intent to murder, G. L. c. 265, § 18 (*b*); and unlawful possession of a firearm, G. L. c. 269, § 10 (*a*). The Appeals Court affirmed the convictions. See *Commonwealth* v. *Smith*, 75 Mass. App. Ct. 196 (2009). We thereafter granted the defendant's application for further appellate review, limited to issues relevant to the indictment for and conviction of armed home invasion. We now affirm the conviction, although we do not agree with all of the reasoning of the Appeals Court.

The relevant facts are set forth in the Appeals Court opinion. See *id.* at 197-198. The defendant argues, in essence, that he was convicted of a crime not charged, and that there was insufficient evidence to support a conviction of the crime that was charged. The arguments stem from his view that the home invasion statute, G. L. c. 265, § 18C, sets forth alternative theories or means by which the crime can be committed.[1]

---

[1]General Laws c. 265, § 18C, provides: "Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling

We have previously described the required elements of armed home invasion as follows:

> "To obtain a conviction of the crime, the Commonwealth must show that the defendant (1) 'knowingly enter[ed] the dwelling place of another'; (2) 'knowing or having reason to know that one or more persons are present within' (or entered without such knowledge but then remained in the dwelling place after acquiring or having reason to acquire such knowledge); (3) 'while armed with a dangerous weapon'; and (4) 'use[d] force or threaten[ed] the imminent use of force upon any person within such dwelling place whether or not injury occur[red], or intentionally cause[d] any injury to any person within such dwelling place.' "

*Commonwealth* v. *Doucette*, 430 Mass. 461, 465-466 (1999), quoting G. L. c. 265, § 18C. The second element requires either that the perpetrator enter the dwelling place knowing that someone is present or, if the perpetrator does not know before entering that someone is present, that he remain within after gaining such knowledge. That element, as delineated in the statute, has been described as containing "two alternative scienter clauses." *Commonwealth* v. *Ruiz*, 426 Mass. 391, 393 (1998).

The defendant reads the statute, and the two "alternative scienter clauses," to mean that the statute sets forth alternative means by which to commit the crime of armed home invasion. We do not. This is not the type of crime that can be committed in various ways. See, e.g., *Commonwealth* v. *Mills*, 436 Mass. 387, 391-392 (2002) (discussing "stealing" pursuant to G. L. c. 266, § 30); *Commonwealth* v. *Collardo*, 13 Mass. App. Ct. 1013 (1982) (discussing "possession" of burglarious tools pursuant to G. L. c. 266, § 49). What matters for purposes of the armed home invasion statute is that a defendant has knowledge that someone is present in the dwelling; the timing of when the defendant gains that knowledge — either prior to entry or after entry (and then remaining therein) — is not critical. This is true so long as, in cases where a defendant enters a dwelling without knowledge of someone's presence therein, the Commonwealth establishes that "some appreciable time prior to the assault, the defendant remained . . . , and presumably could have chosen to depart, after coming to know or have reason to know that others were in the dwelling house." *Commonwealth* v. *Ruiz*, *supra.*

Although we do not read the armed home invasion statute to present two methods for committing the crime, we do not agree with the Appeals Court's determination that the indictment in this case appropriately "merged" the two alternative scienter clauses into one. *Commonwealth* v. *Smith*, *supra* at 199-200. The language of the indictment clearly tracks the language of the second alternative as set forth in the statute.[2] Because, however, as we have stated,

---

place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years."

[2] The indictment for armed home invasion provided, in relevant part, that the defendant "did knowingly enter the dwelling place of [another], and remained in such dwelling place knowing or having reason to know that one or more persons were present within while armed with a dangerous weapon."

we do not consider the alternative knowledge requirements to equate with alternative means by which to commit the crime of armed home invasion, the inartfully drafted indictment is not fatal in this case. There is no indication that this defendant was prejudiced by any variance between the indictment and the evidence presented at trial. The evidence, as the defendant himself admits, showed that the defendant did know, at the time of entry, that someone was present in the dwelling.[3] The fact that the indictment charged the defendant with gaining the knowledge that someone was present after entry does not render the defendant's situation one in which he has been convicted of a crime not charged.

*Judgment affirmed.*

*Jonathan P. Harwell* for the defendant.

*Joseph M. Ditkoff,* Assistant District Attorney, for the Commonwealth.

---

[3]The defendant argues that there was no proof of "entry," and that the judge erred in instructing the jury on what constitutes entry. We agree with the Appeals Court's assessment of this issue. See *Commonwealth* v. *Smith,* 75 Mass. App. Ct. 196, 200 (2009).