COMMONWEALTH *vs.* DUANE BURTON. No. 11-P-702. November 21, 2012. *Breaking and Entering. Habitual Offender. Practice, Criminal,* Instructions to jury, Confrontation of witnesses. *Intent. Evidence,* Intent, Fingerprints. *Constitutional Law,* Confrontation of witnesses.

A Superior Court jury convicted the defendant on one of two indictments charging breaking and entering a building during the daytime with intent to commit a felony therein, in violation of G. L. c. 266, § 18. After the verdict, the defendant waived his right to a jury and was convicted in a jury-waived trial of being a habitual criminal. See G. L. c. 279, § 25.

On appeal, he argues that the judge's instructions to the jury on the element of "entering" were conflicting and erroneous; the evidence was insufficient to prove the crime of breaking and entering a building with intent to commit a felony therein; and the judge improperly allowed the Commonwealth to introduce fingerprint evidence in violation of his right of confrontation under the Sixth Amendment to the United States Constitution. We affirm.

1. *Jury instructions.* In the jury instructions, the judge informed the jury that "entry" occurs "if any part of the defendant's body, hand or foot, or any instrument or weapon controlled by the defendant physically enters the building." During deliberations, the jury asked, "Does entry occur beyond the space formerly occupied by the door or within that space?" Over the defendant's objection, the judge instructed the jury that an "[e]ntry occurs if any part of a person's body passes through the plane defined by the outer plane of the door when closed." We conclude there was no error because the instruction was consistent with the common-law definition of an "entry," which is "any intrusion into a protected enclosure by any part of a defendant's body." *Commonwealth* v. *Smith,* 75 Mass. App. Ct. 196, 200 (2009), *S.C.,* 458 Mass. 1012 (2010), quoting from *Commonwealth* v. *Burke,* 392 Mass. 688, 690 (1984).

2. *Sufficiency of the evidence.* The defendant argues that the evidence was insufficient to convict him of breaking and entering in the daytime with intent to commit a felony because the Commonwealth failed to prove the elements of "entry" and intent to commit a felony. We review this claim under the familiar standard of *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), and ask whether, viewing the evidence in the light most favorable to the Commonwealth, a rational jury could have found the essential elements of the crime[1] beyond a

---

[1]General Laws c. 266, § 18, provides, in pertinent part:

"Whoever . . . breaks and enters in the day time a building . . . with intent to commit a felony, no person lawfully therein being put in fear, shall be punished . . . ."

reasonable doubt. The defendant argues that the evidence was insufficient because the Commonwealth failed to prove that any part of his body passed through the threshold of the residence. See *Commonwealth* v. *Smith, supra.* We disagree. The residents of the home that was broken into testified at trial that their front door was smashed and in pieces, the doorjamb had been split apart, and pieces of the door were everywhere. This description was borne out by photographs entered in evidence. Viewing the evidence as a whole, with all reasonable inferences resolved in favor of the Commonwealth, see *Commonwealth* v. *Grandison*, 433 Mass. 135, 141 (2001), the evidence sufficed to prove the element of "entering" the residence.

We also conclude that the evidence was sufficient to establish that the defendant broke and entered the building "with intent to commit a felony," in this case larceny of property worth over $250. Although there was no evidence that the defendant removed property from the building, a jury reasonably could infer, in the absence of evidence to the contrary, that a person who forcibly broke and entered a dwelling house when the owner likely would not be present intended to steal. See *Commonwealth* v. *Noonan*, 48 Mass. App. Ct. 356, 361-362 (1999). Moreover, the jury reasonably could infer that the defendant did not intend to limit his intended theft to less than $250. See *Commonwealth* v. *Hill*, 57 Mass. App. Ct. 240, 249 n.6 (2003).

3. *Fingerprint records.* Finally, we find no merit to the defendant's claim that fingerprint records admitted in evidence at trial through the testimony of Boston police Officer Michael Griffin violated the defendant's right of confrontation.[2] The judge properly admitted the fingerprint records under the exception to the hearsay rule for official business records. See Mass. G. Evid. § 803(6)(A) (2012).

In *Crawford* v. *Washington*, 541 U.S. 36, 56 (2004), the United States Supreme Court observed that, as a general matter, business records are not testimonial. In *Melendez-Diaz* v. *Massachusetts*, 557 U.S. 305, 324 (2009), the Court explained that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial."

We are persuaded that the fingerprint records are similar to records of prior convictions which, though gathered for administrative purposes, are often used to prove elements of criminal offenses. See *Commonwealth* v. *Weeks*, 77 Mass. App. Ct. 1, 3-8 (2010) (certified copies of prior convictions were non-

---

[2]At the habitual offender trial, the Commonwealth introduced certified copies of two prior breaking and entering convictions of the defendant, in 1991 and 1997, through Griffin. The name of the defendant in the prior two cases was Duane Newsome. A criminal record report of the Boston police department showed a "master name" of Duane R. Burton, a booking name of Duane Howard Newsome, and an alias of Duane R. Paul. Griffin testified, as an officer of the identification unit of the Boston police department, that whenever a person is arrested, the department routinely collects and maintains, on computer, the person's fingerprints. Upon request, the department will search the computer files and retrieve all fingerprint records associated with the person arrested. Griffin compared the fingerprint record from the defendant's arrest on the date of the break-ins at issue to records related to the defendant's convictions in 1991 and 1997, and concluded that the prints in all three cases had been made by the same person, namely, the defendant.

testimonial business records). The fingerprint records in this case met the criteria for business records and were nontestimonial; thus, their admission in evidence did not violate the defendant's right of confrontation.

*Judgment affirmed.*

*Estera Halpern* for the defendant.

*Paul B. Linn,* Assistant District Attorney, for the Commonwealth.