## Commonwealth vs. Nicholas Martinez.

No. 12-P-1758.

Worcester. November 6, 2013. - May 7, 2014.

Present: Trainor, Vuono, & Rubin, JJ.

*Home Invasion. Practice, Criminal,* Required finding.

At the trial of an indictment charging, inter alia, home invasion, in violation of G. L. c. 265, § 18C, evidence that the defendant entered a dwelling with the knowledge that the occupant of the dwelling and his guest were present (regardless of the fact that the victim, who was not a legal occupant or legal resident of the dwelling, entered the dwelling after the defendant and his codefendant had entered it and already had assaulted the persons who were present) was sufficient to establish the second scienter element, requiring either that the perpetrator enter the dwelling knowing that someone is present or, if the perpetrator does not know before entering that someone is present, that he remain within after gaining such knowledge. [289-291]

Indictments found and returned in the Superior Court Department on November 10, 2009.

The cases were tried before *Janet Kenton-Walker,* J.

*William B. Van Lonkhuyzen* for the defendant.

*Donna-Marie Haran,* Assistant District Attorney, for the Commonwealth.

Trainor, J. At issue on appeal is whether G. L. c. 265, § 18C, applies to an assault of an individual who entered a dwelling after the defendant and codefendant had entered the dwelling and already had assaulted the persons who were present. This individual was not a legal occupant or legal resident of the apartment. We hold it does, so we affirm.

*Factual and procedural background.* The defendant appeals from his convictions arising from an incident at 91 Nashua

Street.[1] Specifically, on appeal the defendant argues it was error to deny his motion for a required finding of not guilty on one count of home invasion upon Francis Curran. We summarize the relevant evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Stokes*, 440 Mass. 741, 747 (2004). The defendant agreed with others to enter the third-floor apartment at 91 Nashua Street to rob the occupant of that apartment, David Bastarache, of money and drugs. The defendant and codefendant entered the main gate for 91 Nashua Street (which requires a code to open) and, then, entered the third-floor apartment.

After entering the third-floor apartment, the defendant and the codefendant assaulted Bastarache and his guest. Curran, who lived in the second-floor apartment, heard the noise upstairs, and went to investigate carrying a baseball bat. After Curran entered the apartment, he proceeded down the hall. Curran saw the codefendant and the defendant come toward him. The codefendant grabbed the baseball bat, stabbed Curran twice, and pushed Curran into an open bedroom door. Based on this evidence, the jury convicted the defendant of home invasion against Curran.

*Discussion.* The relevant part of the home invasion statute, G. L. c. 265, § 18C, inserted by St. 1993, c. 333, provides:

> "Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within[,][2] while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether

---

[1]After a jury trial in Superior Court, the defendant was found guilty of, and sentenced on, three counts of home invasion, two counts of aggravated assault and battery by means of a dangerous weapon, assault and battery by means of a dangerous weapon, and armed assault with intent to rob.

[2]See *Commonwealth* v. *Ruiz*, 426 Mass. 391, 392 n.2 (1998), quoting from *Commonwealth* v. *Dunn*, 43 Mass. App. Ct. 58, 61 (1997) (noting the comma was inserted "to avoid the 'absurd result' that its omission could permit interpreting § 18C's 'while armed with a dangerous weapon' clause to refer to the occupant of the dwelling rather than to the perpetrator").

or not injury occurs, or intentionally causes any injury to any person within such dwelling place . . . ."

The defendant argues that his motion for a required finding of not guilty for the violation of the home invasion statute regarding Curran should have been allowed because either (1) the defendant did not remain in the apartment knowing that Curran was present (or anticipate Curran would enter the apartment) or (2) Curran was not an "occupant" of the "dwelling" where the assault took place. These arguments have no basis in the plain language of the statute. See *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000), citing *Victor V.* v. *Commonwealth*, 423 Mass. 793, 794 (1996) ("When the language of a statute is plain and unambiguous, it must be given its ordinary meaning").

We turn first to the defendant's argument that the Commonwealth had to prove the second scienter element[3] by demonstrating that the defendant or codefendant remained in the dwelling after learning of Curran's presence because Curran entered the third-floor apartment after the defendant.[4] Contrary to the defendant's assertion, the statutory language is clear that this element can be met by proving either of the two alternatives set forth in the statute. See G. L. c. 265, § 18C. See also *Commonwealth* v. *Smith*, 458 Mass. 1012, 1013 (2010).[5] Further, there is no requirement that the Commonwealth prove the defendant knew that the specific victim of the assault was present. See G. L. c. 265, § 18C (stating, "having reason to know that *one or more persons* are present" [emphasis added]). See also *Commonwealth* v. *Smith, supra* ("What matters for purposes of the

---

[3]The statute contains two different scienter elements: (1) that the defendant knowingly enters the dwelling place of another, and (2) that the defendant either "know[s] or ha[s] reason to know that one or more persons are present within" at the time of the entry or remains in the dwelling after gaining that knowledge. G. L. c. 265, § 18C.

[4]We do not comment on whether the Commonwealth proved the defendant remained after learning of Curran's presence.

[5]"The second element requires either that the perpetrator enter the dwelling place knowing that someone is present *or, if the perpetrator does not know before entering that someone is present*, that he remain within after gaining such knowledge. That element, as delineated in the statute, has been described as containing 'two alternative scienter clauses.' " (Emphasis supplied.) *Commonwealth* v. *Smith, supra*, quoting from *Commonwealth* v. *Ruiz*, 426 Mass. 391, 393 (1998).

armed home invasion statute is that the defendant has knowledge that *someone* is present in the dwelling" [emphasis added]). Here, it is clear that the defendant entered the apartment "knowing or having reason to know that one or more persons [were] present." G. L. c. 265, § 18C.

Additionally, the timing of a specific victim's entry into the apartment is not significant under the plain language of the statute. See G. L. c. 265, § 18C (requiring that the defendant "use[d] force . . . *upon any person* within such dwelling place" [emphasis added]). Cf. *Commonwealth* v. *Mitchell,* 67 Mass. App. Ct. 556, 563 (2006) (holding that the phrase "any person being then lawfully therein" in the armed burglary statute does not require the victim to be home at the time of the breaking and entering). The Legislature did not limit the potential victims to only those individuals who are present in the dwelling at the time of the defendant's entry. As a result, evidence that the defendant entered with the knowledge that Bastarache and his guest were home was sufficient to establish the second scienter element for the conviction of home invasion against Curran.

As for the defendant's second argument, there is no requirement that the assault occur on an individual that is an occupant, resident, or someone who had a possessory right to the dwelling. To the contrary, the statute specifies that the use of force or threat of use of force can be on "*any* person within such dwelling place" (emphasis added). G. L. c. 265, § 18C. The jury were presented with sufficient evidence to support the defendant's conviction for home invasion against Curran.

*Judgments affirmed.*