NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-804

COMMONWEALTH

vs.

LYS W. VINCENT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Superior Court jury trial, the defendant appeals from his convictions of burning a building, G. L. c. 266, § 2, and breaking and entering with intent to commit a felony, G. L. c. 266, § 18. We affirm.

1. The search warrant. The defendant first asserts that evidence recovered from his car should have been suppressed, because the search warrant for the car was not supported by probable cause. Reviewing de novo and looking only to the four corners of the search warrant affidavit, we conclude that the motion was correctly denied. See Commonwealth v. O'Day, 440 Mass. 296, 297-298 (2003).

The defendant argued in his motion that the warrant affidavit contained unlawfully obtained information. The motion

judge agreed that portions of the affidavit were based on an unconstitutional search and interrogation but concluded that, even after the unlawful portions of the affidavit were excised, it still established probable cause for the search. Without the unlawfully obtained information, the affidavit established the following.

On September 24, 2017, Methuen firefighters responding to a fire at a multi-use building reported a strong odor of gasoline. They contacted police, who found that the fire was limited to a room being used as a church. Police observed several areas of charring on the carpet, forming an irregular burn pattern, and they found burned pages from what appeared to be a Bible on the floor next to the charred areas. Police also detected a strong odor of gasoline, and a specially trained police dog detected an accelerant in several spots on the carpet and on one of the pews. As a result, police believed that the fire was set intentionally by applying an open flame to ignitable liquid vapors.

The next day, police obtained video surveillance footage from another tenant in the building showing that a man in an older model, dark-colored Toyota Camry with the partial license plate number "921" arrived at the building at 9:53 P.M. on the night of the fire. From the video, it appeared that he went inside the building with a black bag, returned to his car at

2

10:10 P.M. without the bag, and promptly left. A 911 call reporting the fire was placed between one and three minutes later.

Using the partial plate number, police ran a search in the registry of motor vehicles database. It returned a potential match for a dark blue 1998 Camry registered to Lys Walker Vincent. A list of church members provided to police by the pastors also showed a member named Walker Vincent. Upon arriving at Vincent's registered address, police observed a dark blue 1998 Camry with the Massachusetts license plate 6FM921. Based on these facts, police sought a warrant to search the car for evidence that someone intentionally set the fire at the church.

Probable cause exists to issue a search warrant when the affidavit contains "sufficient information for an issuing magistrate to determine that the items sought are related to the criminal activity under investigation, and that the items reasonably may be expected to be located in the place to be searched at the time the search warrant issues." Commonwealth v. Wilson, 427 Mass. 336, 342 (1998). On appeal, the defendant does not challenge that there was probable cause to conclude a crime was committed, but he contends that the car's presence at the scene was not enough to establish a nexus between the car and the crime. We need not decide whether mere presence was

enough to establish probable cause, however, because here there was more.  The timing of the car's arrival and departure in relation to the time of the fire, the fact that the car was registered to a church member, and the footage of the driver apparently carrying into the building a bag that could have contained the accelerant, went well beyond mere presence and established a sufficient nexus between the car and the crime.  Accordingly, there was probable cause to issue the search warrant, and the evidence found in the car -- including gasoline residue on the passenger-side carpet -- was properly admitted at trial.

2. Sufficiency of the evidence.  The defendant next argues that the evidence was insufficient to prove that he committed either charged crime.[1]  We review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  "The

---

[1] The defendant moved for a required finding of not guilty at the close of the Commonwealth's evidence but did not renew the motion at the close of all the evidence.  Regardless, "a verdict based upon legally insufficient evidence is inherently serious enough to create a substantial risk of a miscarriage of justice, so we review such claims without regard to the defendant's procedural shortcomings."  Commonwealth v. Williams, 63 Mass. App. Ct. 615, 617 (2005).

4

relevant question is whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding." Commonwealth v. Brown, 401 Mass. 745, 747 (1988). We bear in mind that "arsonists are 'furtive criminals,' and thus can often be brought to justice only by a 'web of circumstantial evidence' that entwines the suspect in guilt beyond a reasonable doubt" (citations omitted). Commonwealth v. Robinson, 34 Mass. App. Ct. 610, 616-617 (1993).

To convict the defendant of burning a building under G. L. c. 266, § 2, the Commonwealth was required to prove beyond a reasonable doubt that he willfully and maliciously set fire to a church or other building described by that statute. Proof of the defendant's motive was not required. See Commonwealth v. Borodine, 371 Mass. 1, 8 (1976), cert. denied, 429 U.S. 1049 (1977). See also Commonwealth v. McLaughlin, 431 Mass. 506, 513 n.6 (2000). To convict the defendant of breaking and entering with intent to commit a felony under G. L. c. 266, § 18, the Commonwealth was required to prove beyond a reasonable doubt that he broke into and entered the church with the intent to commit arson or another felony.[2] See Commonwealth v. Burton, 82 Mass. App. Ct. 912, 913 (2012).

---

[2] The arson of which the defendant was convicted is a felony, punishable by a State prison sentence. See G. L. c. 266, § 2.

5

Here, there was evidence tying the defendant to the scene at the time of the fire, including significantly more surveillance video evidence than was described in the search warrant affidavit. Witnesses positively identified the defendant in a surveillance video from 8:38 P.M. that night which showed him emerge empty-handed from a dark-colored Camry -- which was registered to him -- wearing a T-shirt, shorts, and flip-flops. The defendant reappeared in the footage just before 9 P.M., carrying some items with both hands, placing them in the car's trunk, and driving away.

About an hour later, at 9:53 P.M., the footage showed someone apparently wearing the same clothes arrive in what appeared to be the same car. That person, who the jury could reasonably infer was the defendant, got out of the car carrying a black bag with something inside it and walked in the direction of the building entrance. At 10:06 P.M., the defendant returned to the car carrying an object that the jury reasonably could have inferred was the black bag -- with little if anything inside of it -- and put it in the front passenger area of his car. The defendant then walked back again in the direction of the building.

At 10:10 P.M., the defendant reappeared in the parking lot, empty-handed, and drove away in his car. The fire alarm went off at 10:12 P.M.

From this evidence, the jury could reasonably infer not only that the defendant was present when the fire started, but that he hoped to escape before any firefighters or police arrived. Contrary to the defendant's argument, the fact that there were potentially innocent reasons for his presence at the scene did not bar the jury from concluding that the suspicious timing was evidence of his guilt.[3] See Commonwealth v. Grandison, 433 Mass. 135, 141 (2001) ("The government need not exclude every possible hypothesis embracing innocence to prove its case"). Nor did the presence of other people at the scene bar the jury from inferring that it was the defendant who committed the crime. See Commonwealth v. Medeiros, 354 Mass. 193, 197 (1968), cert. denied, 393 U.S. 1058 (1969) ("That another might have had the opportunity to do the act goes only to the weight of the evidence").

The jury could also reasonably infer from the footage that, on the defendant's first trip into the building, he removed some items he wished to save; on his second trip, he left the contents of the black bag inside the building but brought the

---

[3] The jury could reasonably infer that the defendant was not, for example, there in order to pick up other church members who were returning from a church trip to Somerville. The defendant parked in back of the church, while other church members had parked in front of the church earlier that evening to gather for the trip.

bag back outside and put it in the car's front passenger area; and on his third trip, he lit the fire.  From the evidence that gasoline residue was present on the car's passenger-side carpet, the jury could infer that the black bag had contained gasoline.[4]

The jury could also reasonably infer that the defendant broke into and entered through the back door of the church, then willfully and maliciously set a fire using the gasoline. Photographs and police testimony showed that a window in the back door leading to the church had been smashed from the outside, and that force had been applied to a padlock and hasp used to secure the door, allowing it to be opened.[5]  Photographs also showed irregular and unconnected fire damage to several

---

[4] Although the defendant argues that the jury could not reasonably infer anything significant from the presence of gasoline in a gasoline-powered car, the weight to give this evidence was for the jury to decide.  Even if one might expect there to be traces of gasoline in the car wholly apart from the commission of any crime, it was still reasonable and possible to infer that the defendant transported the gasoline in his car, brought it into the church inside the black bag, used it to start the fire, and then brought the bag back to his car.  "An inference, if not forbidden by some rule of law, need only be reasonable and possible; it need not be necessary or inescapable."  Commonwealth v. Beckett, 373 Mass. 329, 341 (1977).

[5] The defendant argues that the evidence of breaking and entering was insufficient because there was evidence that a door in the vestibule was broken sometime before 6 P.M., long before he was seen in the security video.  This argument misunderstands the Commonwealth's case, which relied on the breaking of the back door to the church, not the vestibule door to which the defendant refers.

8

pews, chairs, and areas of carpet within the sanctuary.  A State police investigator testified that in his expert opinion, "to a reasonable degree of fire certainty," the fire was likely set intentionally using "ignitable liquid vapors," and testing from samples of the church's carpet confirmed that gasoline residue was present.  Further evidence that the perpetrator acted willfully and maliciously included the burning of the altar, the torn pages of a book present on the floor, and the broken window and hasp on the back door.

Finally, the malicious nature of the crime could have suggested to the jury that the perpetrator had a personal connection to the church, and the jury could have inferred that the defendant was such a person.  He was an active member of the church who had a close relationship with at least one of the pastors for at least one year before the fire.  Despite their relationship, and despite the fact that virtually every other member contacted the pastor after the fire, the defendant never called to express concern.

In sum, the evidence was sufficient to convict the defendant of both crimes.

Judgments affirmed.

By the Court (Wolohojian, Desmond & Sacks, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: December 8, 2023.

---

[6] The panelists are listed in order of seniority.