COMMONWEALTH vs. THOMAS F. BURNO.

Hampden. October 8, 1985. — January 28, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Supreme Judicial Court,* Further appellate review. *Practice, Criminal,* Argument by prosecutor, Instructions to jury, Failure to make objection. *Assault and Battery.*

Statement of the scope of the issues before this court on grant of further appellate review following a decision by the Appeals Court. [623-624]
At the trial of a defendant charged with driving an automobile so as to endanger the lives and safety of the public, there was no impropriety in the prosecutor's argument that the jury should consider "all of the other people [the defendant] could have hit" or killed. [624-625]
Where, at the trial of complaints charging assault and battery by means of a dangerous weapon arising from a collision between an automobile driven by the defendant and a stationary vehicle occupied by two police officers, there was no evidence that the defendant had acted intentionally or that the police officers had sustained any injury that was more than transient or trifling, this court held that the evidence was insufficient to warrant the defendant's convictions on the charges and, pursuant to its general superintendency power, ordered judgment for the defendant. [625-627]
At the trial of a defendant charged with assault and battery by means of a dangerous weapon at which there was evidence that the defendant had intentionally crashed his automobile into a police cruiser with two officers in it, the judge's instructions to the jury that "an automobile in which a person is riding . . . may be construed to be an extension of the person" did not create a substantial risk of a miscarriage of justice. [627-628]

COMPLAINTS received and sworn to in the Springfield Division of the District Court Department on March 29, 1983.

The cases were tried in the jury session of that court before *William B. McDonough,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Ellen A. Howard,* Committee for Public Counsel Services, for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We granted further appellate review in this case to consider principles of law applicable to a charge of assault and battery by means of a dangerous weapon. The defendant requested further review of convictions affirmed by the Appeals Court and not of certain charges remanded for a new trial. See *Commonwealth* v. *Burno,* 18 Mass. App. Ct. 796 (1984).

The defendant was convicted of one charge of driving a motor vehicle so as to endanger the lives and safety of the public and of four charges of assault and battery by means of a dangerous weapon, "to wit, an auto." These charges arose out of the defendant's operation of a motor vehicle in Springfield in March, 1983, during his attempt to avoid apprehension by police officers who were pursuing him. In the course of this high-speed chase, the vehicle the defendant was driving turned a corner and struck a stationary, unmarked police vehicle occupied by two officers. One officer, the only one of these two who testified, said that he was shaken but not injured by the impact. He also testified that the other officer said his wrist was sore and held it for a "few minutes" before getting out of the vehicle. We shall refer to this event as the first incident.

The defendant continued his flight by driving on a sidewalk. The pursuing police cruiser came alongside the defendant's vehicle. The defendant looked at the police cruiser, drove out onto the street, and struck it as well. This is the second incident.

1. The Appeals Court vacated the two assault and battery convictions related to the first incident (and remanded them for retrial) but affirmed the assault and battery convictions related to the second incident together with the conviction of driving to endanger. In his application for further appellate review, the defendant did not ask this court to examine the two charges arising out of the first incident.

Unless we direct otherwise in our order granting an application for further appellate review, all issues that were before the Appeals Court are before this court, including issues not addressed in the application. See *Commonwealth* v. *Souza,* 390

Mass. 813, 815 n.1 (1984). See also *Vertentes* v. *Barletta Co.,* 392 Mass. 165, 166 n.2 (1984); *Ford* v. *Flaherty,* 364 Mass. 382, 387 (1973); *Ballantine* v. *Falmouth,* 363 Mass. 760, 762 n.2 (1973). Our order in this case was not limited, nor did the defendant request that we limit our review so as to exclude consideration of certain issues or particular charges. We conclude, and the parties agree, that we have the appeal before us just as it was before the Appeals Court.

When a criminal defendant seeks further appellate review, pursuant to Mass. R. A. P. 27.1, as amended through 367 Mass. 921 (1975), as to one or more charges but is content with the disposition of one or more other charges, the application for further review properly could request an order from this court granting further review only as to specific convictions (or issues). The Commonwealth would then have the option of requesting our consideration of charges (or issues) as to which the defendant had not sought further review. The Commonwealth could do so by seasonably filing such a request as part of its opposition to the allowance of the defendant's application for further review or as an application for further appellate review of its own. In all events, this court would retain the right to determine whether further appellate review would be limited in any respect.

2. We affirm the defendant's conviction of driving to endanger. We see no impropriety in the prosecutor's argument that the jury should consider "all of the other people [the defendant] could have hit" or killed. Where one of the charges involved the operation of a motor vehicle "negligently so that the lives or safety of the public might be endangered" (G. L. c. 90, § 24 (2) (*a*) [1984 ed.]), the threat to the public is a relevant consideration, and an argument to that effect based on evidence of the defendant's conduct is not improper. As the Appeals Court said, "The prosecutor's comments were fair inferences from the evidence." *Commonwealth* v. *Burno, supra* at 797 n.1.

Because all five sentences were concurrent sentences of equal length, reversal or affirmation of the other four convictions may have little practical effect on the defendant. It is,

however, our practice to consider issues relating to such convictions notwithstanding affirmation of one conviction.

3. We turn, then, to the question whether the convictions of assault and battery by means of a dangerous weapon should be sustained. Our common law recognizes two separate aspects to the crime of assault and battery. An assault and battery is "the intentional and unjustified use of force upon the person of another, however slight" (*Commonwealth* v. *McCan,* 277 Mass. 199, 203 [1931]), or the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another (*Commonwealth* v. *Welansky,* 316 Mass. 383, 400-401 [1944]). See *Commonwealth* v. *Welch,* 16 Mass. App. Ct. 271, 274-275 & n.4 (1983), and cases cited. See also Hall, Assault and Battery by the Reckless Motorist, 31 J. Crim. L. & Criminology 133, 137 (1941) (assault and battery predicated on reckless conduct requires proof of injury).

The Appeals Court correctly noted that the evidence as to the first incident did not warrant a finding that the defendant used intentional force on either officer in the unmarked police car.[1] 18 Mass. App. Ct. at 799. Because the theory of reckless conduct causing physical injury is the only one on which the convictions arising out of the first incident could be sustained, there had to be proof of a physical injury. The Appeals Court concluded that any such injury must be "actual" or "demonstrable" (18 Mass. App. Ct. at 798, relying on *Commonwealth* v. *Welch, supra* at 274-276), that the judge's charge was deficient in referring only to an "injury," and that the error required a new trial on the charges of assault and battery related to the first incident.[2]

---

[1] Defense counsel, however, did not request an instruction to that effect, nor did he object to the charge which told the jury that convictions as to the first incident could be based on either theory of assault and battery.

[2] The defendant has not argued that the evidence was insufficient to support either assault and battery conviction arising out of the first incident, although he seasonably filed a motion for required findings of not guilty on all charges.

The judge's charge concerning the essential elements of battery, as it appears in the transcript (unchallenged here as to the accuracy of its transcription), was prejudicially ambiguous. It reads: "To prove a battery the Commonwealth must establish an unjustifiable and intentional use of force upon the person of another, however slight or wanton or reckless, an act causing injury to another." The Appeals Court generously characterized that instruction as "not as clear as it might have been" but capable of interpretation "as correctly stating both of the recognized theories of battery." 18 Mass. App. Ct. at 799.[3] The Commonwealth argues that the instruction required a finding of an intentional battery as well as proof of injury and thus imposed an unwarranted burden on the Commonwealth. The charge might be read, however, as requiring only proof of an act causing injury. The charge is sufficiently ambiguous to leave in doubt precisely what the jury were instructed the elements of the crime were.

We do not agree with the Appeals Court that a reference to wanton or reckless conduct causing injury to another does not focus adequately on the requirement that there be physical injury. We have never defined what degree of physical injury must be shown to prove a charge of assault and battery based on the reckless conduct theory. All our reported cases concerning reckless conduct have involved serious injuries to the victims, but the stated rule has not required proof of more than personal or bodily injury. See *Commonwealth* v. *Campbell,* 352 Mass. 387, 397 (1967) ("personal injury"); *Commonwealth* v. *Sostilio,* 325 Mass. 143, 145 (1949) ("bodily injury"); *Commonwealth* v. *Welansky,* 316 Mass. 383, 401 (1944) ("bodily injury"); *Commonwealth* v. *McCan,* 277 Mass. 199, 203 (1931) ("personal injury"); *Commonwealth* v. *Hawkins,* 157 Mass. 551, 553 (1893) ("personal injury").

---

[3] At the time of the trial, the Model Jury Instructions for Criminal Offenses of the District Court Department (Nov., 1980) Instruction 5.40 read in part: "To prove assault and battery, the Commonwealth must establish an intentional and unjustified use of force upon the person of another, however slight, or a wanton or reckless act causing injury to another."

We are not persuaded that the words "actual" or "demonstrable" used in *Commonwealth* v. *Welch,* 16 Mass. App. Ct. 271, 274-276 (1983), and relied on by the Appeals Court in this case (18 Mass. App. Ct. at 798, 799-800), appreciably add to (or detract from) an understanding of the kind of injury that must be proved. We accept the requirement that the Commonwealth must prove an injury that interfered with the health or comfort of the victim. It need not have been permanent, but it must have been more than transient and trifling. See *Commonwealth* v. *Farrell,* 322 Mass. 606, 621 (1948). See also *Commonwealth* v. *Appleby,* 380 Mass. 296, 308 n.7 (1980). For example, if an alleged victim were shaken up but by his own admission not injured, or if an alleged victim were to have a sore wrist for only a few minutes, the "injury" in each instance would be transient and trifling at most.

Judgment should be entered for the defendant on the two complaints charging assault and battery by means of a dangerous weapon arising out of the first incident. In the exercise of our general superintendency power, we conclude that the evidence presented did not support these convictions and, because of the defendant's conviction and sentence on other charges, a retrial of these two charges at which additional evidence might be offered warranting convictions would serve no practical purpose and arguably might be forbidden by double jeopardy principles in any event.

4. Finally, we consider the two convictions of assault and battery by means of a dangerous weapon arising out of the second incident. Here neither police officer was injured. The charges could be supported, therefore, only on the intentional use of force theory. The defendant argues that the judge improperly instructed the jury that the motor vehicle in which the police officers were traveling should be considered to be an extension of their persons.[4] We conclude that the defendant did not preserve the issue for appellate review.

---

[4] The charge read in this respect: "An automobile in which a person is riding, as a matter of law, may be construed to be an extension of the person. In an unprivileged and intentional application of physical force, that automobile may be considered and may be construed as an assault and battery upon the person within."

The charge concerning the motor vehicle as an extension of the person was requested in writing by the Commonwealth and discussed with counsel before it was given. Counsel for the defendant raised no objection to the charge then or at the conclusion of the jury instructions. The evidence amply warranted convictions on the charges arising out of the second incident, even if the judge had charged that the jury had to find the application of force on each police officer and not just the police vehicle. We see no substantial risk of a miscarriage of justice requiring reversal of these convictions, particularly considering the imposition of concurrent sentences.

We do not discuss the propriety of the challenged charge except to note that it appears to accept the propositions that (1) a battery could occur although no force was applied to a person directly (a point on which we agree), and (2) a battery could occur even if no force at all, direct or indirect, was applied to a person (a point we leave open).

5. The judgments on the complaint of driving so as to endanger (No. JR-83-261A) and on the complaints of assault and battery by means of a dangerous weapon arising out of the second incident (Nos. JR-83-261 C and D) are affirmed. The judgments for assault and battery by means of a dangerous weapon arising out of the first incident (Nos. JR-83-261 B and E) are reversed, the verdicts are set aside, and judgments shall be entered for the defendant.

*So ordered.*