ADOPTION OF SUSAN. September 10, 1993. *Jurisdiction*, Probate Court. *Probate Court*, Jurisdiction, Parties. *Minor*, Adoption.

This matter arises from a reservation and report, pursuant to G. L. c. 215, § 13 (1992 ed.), by a Probate and Family Court judge on a question concerning that court's jurisdiction to consider a joint petition for adoption by the child's natural mother and her female partner. We transferred the case to this court on our own motion and conclude that the jurisdictional issue in this case is controlled by *Adoption of Tammy, ante* 205 (1993), decided today.

There is nothing on the face of G. L. c. 210 (1992 ed.), the statute governing adoptions, that prevents the Probate Court from considering a joint petition to adopt brought by unmarried petitioners like the two women in this case. The provision in § 1 that requires married persons to adopt jointly does not by its terms apply to unmarried persons. The statute does not otherwise expressly require or prohibit joinder by any person. The Probate Court thus has jurisdiction to consider a variety of adoption petitions to determine whether a proposed adoption is in the subject child's best interests. *Adoption of Tammy, supra.*

The judge in this case did not hold an evidentiary hearing to determine whether the necessary written consents and other preconditions to adoption have been obtained, or whether the requested adoption would be in the best interests of Susan. Accordingly, this case is remanded to the Probate and Family Court for further proceedings pursuant to G. L. c. 210.

For the reasons stated in *Adoption of Tammy, supra* at 217-220, Justices Nolan, Lynch, and O'Connor do not join in this opinion.

*So ordered.*

*Mary L. Bonauto* for the petitioners.

*Toni G. Wolfman, Stefanie D. Cantor, Michael A. Albert & Sarah R. Wunsch*, for Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

COMMONWEALTH *vs.* CHERYL L. PERRY. October 4, 1993. *Practice, Criminal*, Dismissal, Indictment. *Homicide. Wanton or Reckless Conduct. Controlled Substances.*

The Commonwealth appealed from the allowance by a judge in the Superior Court of the defendant's motion to dismiss indictments charging manslaughter and illegal possession of a hypodermic needle. The Appeals Court vacated the order, 34 Mass. App. Ct. 127 (1993), and we granted the defendant's application for further appellate review. See G. L. c. 211A,

§ 11 (1992 ed.). We vacate the order allowing the motion to dismiss essentially for the same reasons advanced by the Appeals Court. However, we add a note. In *Commonwealth* v. *Catalina*, 407 Mass. 779, 790-791 (1990), on which both the Commonwealth and the defendant appear to rely, we held that the distributing of a particularly potent form of heroin to one who injected it and died as a result constituted evidence sufficient for an indictment by a grand jury of manslaughter. See *Commonwealth* v. *Catalina, supra* at 790 n.12. However, we did not limit the effect of this rule to that specific form of heroin because all heroin of unknown strength is inherently dangerous and carries a "high probability that death will occur." *Id.* at 791, quoting with approval *People* v. *Cruciani*, 70 Misc. 2d 528, 536 (N.Y. 1972).

The order dismissing the indictments is vacated, and the cases are to stand for trial.

*So ordered.*

*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.

*Kathleen V. Curley*, Committee for Public Counsel Services (*Colleen A. Tynan* with her) for the defendant.