## Commonwealth *vs.* Dale R. Pease.

No. 98-P-2117.

Hampden. January 14, 2000. - July 3, 2000.

Present: Laurence, Dreben, & Gelinas, JJ.

*Homicide. Practice, Criminal,* Required finding. *Assault and Battery. Wanton or Reckless Conduct.*

Evidence at the trial of an indictment for involuntary manslaughter was suf-
ficient to warrant a finding that the defendant's forceful shove of the
victim was a battery, or was wanton and reckless conduct involving a high
degree of likelihood of inflicting substantial harm, which brought about the
victim's death; the defendant's motion for a required finding of not guilty
at the close of the Commonwealth's case was properly denied. [541]

A defendant's postverdict motion for a required finding of not guilty after the
jury's verdict of guilty of involuntary manslaughter was correctly denied
where there was sufficient evidence to warrant the jury's verdict of guilty
on the theory of wanton or reckless conduct. [541-543]

Indictment found and returned in the Superior Court Depart-
ment on March 4, 1997.

The case was tried before *William H. Welch,* J.

*Edward B. Gaffney* for the defendant.

*Thomas H. Townsend,* Assistant District Attorney, for the
Commonwealth.

Gelinas, J. Peter Scott, the victim, and Dale Pease, the
defendant, had been friends for five years, having met at Op-
portunity House in Springfield, Massachusetts. They would
often "hang out" together. Alcohol provided a significant bond.
In the midafternoon of January 23, 1997, after drinking alcohol
and arguing for most of the day, the defendant pushed the victim
in the chest with both hands; the victim fell backward to the
sidewalk, striking his head. The injuries he sustained were fatal;
the victim died the next day. Convicted of involuntary
manslaughter, G. L. c. 265, § 13, pursuant to an indictment
based on the incident, the defendant now claims error (1) in the

trial judge's denial of his motion for a required finding of not guilty at the close of the Commonwealth's evidence and (2) in the denial of his postverdict motion for a directed verdict of not guilty, for a new trial, or for a reduction of the charge pursuant to Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979). We affirm the conviction and the denial of the postverdict motion.

The jury were warranted in finding the following facts. Sometime prior to the events of January 23, 1997, the defendant moved into a room at the YMCA in Springfield, after having been in a residential detoxification program. The defendant spent the night prior to the incident collecting cans. He redeemed the cans that morning and bought alcohol with the proceeds. At about 10:45 A.M. that day, the defendant and the victim began consuming alcohol, both wine and hard liquor. As the drinking progressed, hostility emerged. The defendant and the victim argued over money that the victim owed another. Hostility turned to violence; at one point the defendant punched the victim in the mouth, cutting the upper lip and causing bleeding; he knocked the victim to the ground.

At about 2:30 P.M., the victim, the defendant, and another went to a bar; more arguing ensued, and they were asked to leave. The defendant and the victim then went to the YMCA. Argument there resulted in the two being put out. A return visit to the bar ended as had the first, with their being ejected from the premises. At about 4:20 P.M., as the two were walking beneath an overpass, hostility and violence escalated. The victim grabbed a bag the defendant was carrying. The defendant dropped the other bag he was carrying and pushed the victim hard in the chest with both hands. The victim fell backwards onto the sidewalk, striking his head with such force that he sustained a skull fracture measuring ten to twelve inches.

A bystander, Michael Scherer, who was about 100 feet away, heard a "very loud" crack which sounded "like a small explosion." Scherer turned and observed the defendant standing over the victim, pointing his finger and yelling in a loud, angry voice, "that's the last time you'll say that to me," after which the defendant picked up his bags and quickly walked away. Scherer immediately set about securing medical aid for the victim. The victim was taken to a hospital. The consulting neurosurgeon's opinion was that the push had to have been a "big blow" in order to produce such substantial injuries; the brain swelling was severe and inoperable. The victim died the next

Commonwealth *v.* Pease.

day. An autopsy established the cause of death as cranial cerebral trauma.

This evidence, viewed in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979); *Commonwealth* v. *Hilton*, 398 Mass. 63, 64-65 (1986), was sufficient to defeat the defendant's motion for a required finding of not guilty at the close of the Commonwealth's case. The elements of manslaughter are derived from common law and not from statutory definition. *Commonwealth* v. *Catalina*, 407 Mass. 779, 783 (1990), citing *Commonwealth* v. *Godin*, 374 Mass. 120, 126 (1977), cert. denied, 436 U.S. 917 (1978). Our cases hold that "involuntary manslaughter is an unlawful homicide, unintentionally caused (1) in the commission of an unlawful act, malum in se, not amounting to a felony nor likely to endanger life . . . , or (2) by an act which constitutes such a disregard of probable harmful consequences to another as to constitute wanton or reckless conduct" (footnote omitted).[1] *Commonwealth* v. *Catalina*, *supra* at 783, quoting from *Commonwealth* v. *Campbell*, 352 Mass. 387, 397 (1967). A battery causing death is manslaughter. *Commonwealth* v. *Catalina*, *supra* at 784. *Commonwealth* v. *Sheppard*, 404 Mass. 774, 776 (1989). Wanton and reckless conduct may substitute for the "intentional conduct" element necessary for a battery. *Commonwealth* v. *Welansky*, 316 Mass. 383, 401 (1944). The jury had sufficient evidence at this stage of the case to warrant a finding that the defendant's forceful shove of the victim was a battery which brought about the death of the victim and also a finding that the shove constituted wanton and reckless conduct which involved a high degree of likelihood of inflicting substantial harm which brought about the victim's death.

The denial of defendant's postverdict motion presents a different issue. The jury found the defendant guilty of involuntary manslaughter by reason of wanton and reckless conduct, but not by reason of battery. The judge specifically instructed the jury that they could find the defendant guilty of involuntary

[1]"The essence of wanton or reckless conduct is intentional conduct, by way either of commission or omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another." *Commonwealth* v. *Welansky*, 316 Mass. 383, 399 (1944).

manslaughter on the basis of either or both theories.[2] The defendant contends that, where the act of pushing the victim was the only conduct on which the jury could have properly based a conviction, and they did not indicate guilt by reason of battery, the jury must have improperly based its verdict on the defendant's conduct after the victim had fallen to the ground, i.e., on the basis that the defendant had done nothing to come to the victim's aid, and in fact had berated the victim as he lay dying, before the defendant turned and walked away. We disagree.

Simply because the jury could find, but did not, that the defendant was guilty of "battery" manslaughter did not preclude them from finding him guilty of manslaughter by virtue of "wanton and reckless" conduct. The jury were warranted in finding that the push was of such force in the circumstances that it constituted wanton and reckless conduct, thereby creating the requisite level of risk of physical harm to sustain a conviction of manslaughter. See *Commonwealth* v. *Campbell, supra* at 397 (where defendant killed victim by placing his arm around her throat, an act which could constitute a battery, jury could also have found defendant's conduct consistent with a failure to regard the consequences of that act arising to wanton and reckless conduct); *Commonwealth* v. *Hinckley*, 1 Mass. App. Ct. 195, 200 (1973) (defendant opened an apartment door and thrust knife he was brandishing "recklessly and in wanton disregard of the consequences to the victim").

The defendant argues that an internal inconsistency of the verdict — guilty of involuntary manslaughter on the basis of willful and wanton conduct but not on the basis of a battery — requires that the conviction be set aside. Even if there were an inconsistency, the defendant's argument would fail. Where, unlike this case, there are multiple counts, factual inconsistencies in verdicts rendered on those multiple counts do not afford a ground for setting aside a conviction as long as the evidence is sufficient to support a conviction on the count on which the guilty verdict was reached. *Commonwealth* v. *Harrison*, 25 Mass. App. Ct. 267, 270 (1988). Here there was but one count,

---

[2]The special verdict slip used in this case offered the jury three alternatives with respect to the indictment: they could find the defendant (1) not guilty; (2) guilty of involuntary manslaughter; or (3) guilty of assault and battery. As to alternative (2), the jury were further offered guilty of involuntary manslaughter by (a) unintentional killing resulting from a battery, or (b) reason of wanton and reckless conduct. The jury in this case checked (2) guilty of involuntary manslaughter, and (b) by reason of wanton and reckless conduct.

charging the defendant with manslaughter. Our definition offers two theories, either "the commission of an unlawful act, malum in se, not amounting to a felony nor likely to endanger life" (such as a misdemeanor battery), or wanton and reckless conduct. Assuming the jury's verdict to be inconsistent on the one count by not subscribing to the theory of manslaughter by battery, any such inconsistency is not a matter for judicial inquiry. *Commonwealth* v. *Therrien*, 383 Mass. 529, 537 (1981). As in the case of inconsistent verdicts on different counts, the jury had the right to apply the evidence to their finding of manslaughter by wanton and reckless conduct and were free to return a verdict that made no finding with respect to battery manslaughter. As was said in *Commonwealth* v. *Walsh*, 255 Mass. 317, 320 (1926), "Where all the facts necessary to sustain the count on which a verdict of guilty was returned are consistent with those necessary to sustain a count on which the jury returned a verdict of not guilty, even if not necessarily included in them, the defendant suffers no harm by the acquittal." Here the defendant suffers no harm by the failure to convict of battery manslaughter. All the facts necessary to sustain the verdict of guilty of manslaughter by reason of wanton and reckless conduct were present.

A portion of the judge's charge, in answer to a question posed by the jury, was perhaps the source of the jury's failure to find battery manslaughter. In response to a question by the jury, the judge repeated his charge on the elements of involuntary manslaughter. The judge then went on to define the lesser included offense of assault and battery. Unlike the correct charge given before the jury retired to deliberate, the instruction stated that the Commonwealth had to prove, among other elements, that the defendant intended to physically harm the victim. The Commonwealth bears no such burden in a case of assault and battery; it need only prove that the touching, however slight, was intentional and not accidental.[3] *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997) (no requirement of proof of specific intent to injure to convict of assault and battery with a dangerous weapon). The defendant cannot claim harm by this instruction, as it placed a heavier burden on the Commonwealth than

---

[3]See Nolan & Henry, Criminal Law § 322, at 239 (2d ed. 1988) ("While a battery requires an intentional act, it is not necessary to prove that the defendant either intended the precise harm which eventuated or harm of any particular species to the person injured").

was required, and the jury did not reach the issue of the lesser included offense in any event.

*Judgment affirmed.*

*Order denying postverdict motion affirmed.*