After a jury trial, the defendant was convicted of assault and battery by means of a dangerous weapon, indecent assault and battery on a person fourteen years of age or over, and two counts of assault and battery on a family or household member. He appeals, claiming that the judge erred in denying his motion for a required finding of not guilty on the charge of assault and battery by means of a dangerous weapon.[2] We affirm.
A conviction of assault and battery by means of a dangerous weapon pursuant to G. L. c. 265, § 15A, requires proof, beyond a reasonable doubt, that an assault occurred, as well as a touching, however slight, by means of a dangerous weapon. Commonwealth v. Appleby, 380 Mass. 296, 308 (1980). "We review the denial of a motion for a required finding to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Beal, 474 Mass. 341, 345 (2016), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).
The defendant contends that the evidence at trial was insufficient to support a conviction for assault and battery by means of a dangerous weapon because the weapon he used -- a hypodermic needle -- was not dangerous per se or used in a dangerous fashion. He further contends that a conviction for this offense requires proof that the victim suffered serious or great bodily harm and that there is insufficient evidence that the harm the victim suffered rises to the requisite level.
Some weapons, such as firearms, daggers, stilettos, and brass knuckles, are ordinarily considered dangerous as a matter of law "because they are designed for the purpose of bodily assault or defense." Appleby, 380 Mass. at 303. "Weapons which are not dangerous per se, but which may be used in a dangerous fashion, may also be 'dangerous weapons.' " Id. at 304, quoting Commonwealth v. Farrell, 322 Mass. 606, 615 (1948). Specifically, "a hypodermic syringe may be dangerous in fact when 'used in a dangerous fashion.' " Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 191 (2016), quoting Commonwealth v. Sexton, 425 Mass. 146, 149 (1997). The central question is "whether the object, as used by the defendant, is capable of producing serious bodily harm." Commonwealth v. Strickland, 87 Mass. App. Ct. 46, 60 (2015), quoting Commonwealth v. Marrero, 19 Mass. App. Ct. 921, 922 (1984). However, "[t]he law need not wait until the instrument actually does cause serious bodily harm in order to classify the weapon as dangerous. Any touching with a potentially dangerous weapon can be assault and battery by means of a dangerous weapon for purposes of § 15A, provided that the assault element and the intentional application of force are established." Appleby, supra at 307, citing Commonwealth v. Hawkins, 157 Mass. 551, 553 (1893). "Generally it is held to be a question for the fact finder whether the instrument was so used in a particular case." Appleby, supra at 304. This determination "is a highly fact-bound question that requires 'not only consideration of any evidence as to the nature and specific features of the object but also attention to the circumstances surrounding the assault and the use of the object, and the manner in which it was handled or controlled.' " Leonard, supra, quoting Marrero, supra at 921.
On May 15, 2016, the defendant woke up "dope sick." During the day, he started kissing the victim, his girl friend with whom he lived, and engaging her in sexual foreplay. After his girl friend was naked, the defendant began to accuse her of cheating on him and referred to her as a "skank" and a "bitch." He stated he "was going to sew up [her] pussy." He then took a hypodermic needle out of the bedside table drawer and pressed it against his girl friend's vaginal lip, terrifying her and causing her "pain[ ]." He held her down, while she tried to pull away from him. He locked the bedroom door and refused to let her leave until she performed oral sex on him, while continuing to threaten her. While a hypodermic needle is not dangerous per se, Leonard, 90 Mass. App. Ct. at 191, under the circumstances in this case we are satisfied that there was sufficient evidence for the jury to find that the hypodermic needle was in fact used as a dangerous weapon capable of causing serious bodily injury.
That the needle neither pierced nor broke the victim's skin does not undermine the jury's finding. See Appleby, 380 Mass. at 307. The defendant argues that the Commonwealth failed to establish that the victim did sustain the requisite degree of harm. Because he raises this specific argument for the first time on appeal, we review under the substantial risk of a miscarriage of justice standard. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967). The defendant was convicted under the theory of intentional touching and not recklessness. Only recklessness requires that the victim suffer some physical injury. See Commonwealth v. Porro, 458 Mass. 526, 529-530 (2010) ; Commonwealth v. Hamilton, 87 Mass. App. Ct. 274, 276 (2015). There was no error, and thus no substantial risk of a miscarriage of justice.
Judgments affirmed.

Since the defendant has not made any argument regarding his other convictions, he has waived any such argument on appeal. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).