NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1140

COMMONWEALTH

vs.

WILLIAM J. GRABOWSKI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was convicted of assault and battery on a correctional facility employee (assault and battery). He appeals, claiming that the evidence was insufficient. We affirm.

Background. "Because the defendant challenges the sufficiency of the evidence presented, we summarize the facts the ju[dge] could have found in the light most favorable to the Commonwealth." Commonwealth v. Tavares, 471 Mass. 430, 431 (2015). The defendant was an inmate at the Bristol County house of correction. After being instructed to return to his cell from an area in which he was not supposed to be, the defendant became agitated; his behavior continued to escalate to the point that the watch commander ordered him to be relocated to a higher security unit. Correction officer Matthew Boyer was among the

officers assigned to move the defendant. He saw that the defendant was "very agitated," and "was pacing back and forth." Boyer instructed the defendant to turn around and place his hands behind his back. The defendant complied but asked "Why? What the fuck did I do?" The defendant then spun around, dropped his weight to the back of his right foot, and dropped his right arm with a clenched fist. Boyer, fearing for his safety, grabbed the defendant's arm to prevent him from swinging at him; the defendant began to thrash back and forth. Before Boyer brought the defendant to the ground, another officer sprayed the defendant with oleoresin capsicum (pepper spray). The defendant was then restrained with leg irons and brought to a shower to wash away the pepper spray. The defendant refused to leave the shower and had to be physically removed as he continued to resist the officers.

The defendant was brought to a "restraint chair," and officers began to strap him in. The defendant yelled at the officers, calling Boyer "a fucking cunt." After the waist, shoulder, and left leg straps were secured, Boyer began to remove the leg irons. As he did so, Boyer heard the defendant "audibly make a noise that he was trying to gain a large amount of spit into his own mouth." He described the sound as a "'K' type of noise." The defendant spit at Boyer; the defendant's

saliva struck Boyer on the left side of the head.  A video recording of the incident was admitted in evidence.

Discussion.  On appeal, the defendant does not dispute that spitting can be the basis for an assault and battery conviction. Instead, he contends that his action was reflexive, and that the Commonwealth presented insufficient evidence of intent.[1]  These claims fail to view the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Sylvia, 456 Mass. 182, 191 (2010).

The crime of assault and battery may be proved under two separate theories:  intentional or reckless.  See Commonwealth v. Porro, 458 Mass. 526, 529 (2010).  Under the first theory, the Commonwealth must prove the intentional and unjustified use of force upon another.  See Commonwealth. v. Colas, 486 Mass. 831, 841 (2021).  Under the second theory the Commonwealth must prove a willful, wanton, and reckless act that resulted in injury.  See Commonwealth v. Mistretta, 84 Mass. App. Ct. 906, 907 (2013).  Because assault and battery is a general intent crime, the Commonwealth is not required to prove that the

---

[1] The defendant did not move for a required finding of not guilty at the close of the Commonwealth's case or at the close of the evidence.  Nonetheless, we review for a substantial risk of a miscarriage of justice.  See Commonwealth v. Grandison, 433 Mass. 135, 140 n.8 (2001).

3

defendant had a specific intent to injure. See Commonwealth v. Deschaine, 77 Mass. App. Ct. 506, 514 (2010).

Here, leading up to the time of the spit, and as reflected on the video footage, Boyer was adjusting the defendant's wrist straps. The defendant called Boyer a "fucking cunt." Approximately twenty-three seconds later, after calling out Boyer by name, the defendant spat at him. Taken together, this evidence demonstrated the defendant's awareness of Boyer's presence and his animus toward him. This is further corroborated by Boyer's testimony that the defendant was "trying to gain a large amount of spit into his own mouth" just prior to the assault and battery. It is also in contrast to the first act of spitting seen on the video footage, where the defendant spat on his own shirt. Indeed, the differences in these two acts demonstrated that the defendant's second spit was not a reflexive attempt to expel the pepper spray and that he knew how to avoid contact with the officers if he wanted to do so. See Commonwealth v. Hendricks, 452 Mass. 97, 104 (2008) (finding of guilt warranted even though inference not inescapable or necessary).

The Commonwealth also proved the reckless theory of assault and battery, as the evidence demonstrated that the defendant's conduct "constituted a disregard of probable harmful consequences to another" (alterations and citations omitted).

4

Commonwealth v. Hamilton, 87 Mass. App. Ct. 274, 276 (2015).
Although the injury does not have to be permanent, it must be
more than transient and trifling.  See Commonwealth v. Burno,
396 Mass. 622, 627 (1986).  Since "[s]pitting on someone is an
indirect touching that is repulsive, physically offensive, and
violates the victim's personal integrity," Commonwealth v.
Cohen, 55 Mass. App. Ct. 358, 359 (2002), under either theory,
the evidence sufficed.

Judgment affirmed.

By the Court (Meade, Rubin &
  Blake, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered: February 14, 2023.

---

[2] The panelists are listed in order of seniority.

5