NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-466

COMMONWEALTH

vs.

EUTICHIO P. CALORE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of one count of carrying a firearm without a license in violation of G. L. c. 269, § 10 (a), and one count of possession of ammunition without a firearms identification card in violation of G. L. c. 269, § 10 (h) (1).  On appeal, he challenges the sufficiency of the evidence as it relates to the element of possession.  We affirm.

We evaluate the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).  Commonwealth v. Latimore, 378 Mass. 671,

677 (1979).  "The evidence may be direct or circumstantial, and we draw all reasonable inferences in favor of the Commonwealth." Commonwealth v. Watson, 487 Mass. 156, 162 (2021), quoting Commonwealth v. Ayala, 481 Mass. 46, 51 (2018).

When evaluating for sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense.  See Latimore, 378 Mass. at 677-678.  To convict the defendant of unlawful possession of a firearm under G. L. c. 269, § 10 (a), the Commonwealth must establish that the defendant "'knowingly' posses[ed] a firearm outside of [his] residence or place of business without also having a license to carry a firearm."  Commonwealth v. Guardado, 491 Mass. 666, 682 (2023), quoting Commonwealth v. Powell, 459 Mass. 572, 588 (2011), cert. denied, 565 U.S. 1262 (2012).  And, as to the charge of unlawful possession of ammunition under G. L. c. 269 § 10 (h) (1), the Commonwealth must prove that the defendant knowingly possessed ammunition that met the legal definition without a valid firearms identification card.  "The Commonwealth may prove possession by circumstantial evidence."  Commonwealth v. Santana, 420 Mass. 205, 215 (1995), citing Commonwealth v. Garcia, 409 Mass. 675, 686 (1991).

Focusing on the element of possession, the defendant contends that there was insufficient evidence to prove that he had actual or constructive possession of the firearm or

2

ammunition.  We disagree.  Here, the permissible inferences drawn from the evidence most favorable to the Commonwealth amply support the jury's finding that the defendant had constructive, if not actual, possession of the firearm and ammunition.  At trial, a witness testified that she saw the driver of a truck with a distinctive white and black color pattern, point an item "which appeared to be a gun," out of the driver's side of the truck window.  She described the person holding the gun with his left hand, making a "pull[ing]" motion with his right hand, and pointing the firearm out the window.  The witness described the person as being a lighter-skinned Spanish individual, wearing a fluffy gray jacket with a furry hood.  Video footage obtained from a neighbor's home confirmed the presence of the truck and an audible bang, which the Commonwealth's ballistician testified as consistent with the noise of a fired gun.  Further, officers of the Billerica Police Department stopped the vehicle in the vicinity shortly after the incident.  The defendant, who was the operator of the black and white truck, was wearing a puffy gray jacket with a fluffy hood.  The police officer saw the defendant pass an unidentified object to the passenger.  The police found a gun with live rounds of ammunition in the waistband of the passenger as well as a spent shell casing with the same make and caliber as the gun in the rear passenger seat underneath a sweatshirt.

3

From all of this evidence, the jury were free to conclude that the defendant possessed the gun and ammunition. It does not matter whether the evidence is viewed through the lens of actual as opposed to constructive possession because they are not different theories. Commonwealth v. Fernandez, 48 Mass. App. Ct. 530, 532 (2000). "Rather, they are simply two possible ways of defining the same legal principle[;] [t]he essential elements of either sort of possession are knowledge plus ability and intention to control" (citation omitted). Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 154 (2008). In sum, there was sufficient evidence, apart from mere presence in the truck where the gun and ammunition were found, from which a jury could have concluded that the defendant possessed the firearm and ammunition.

Finally, we acknowledge that the jury found the defendant not guilty of the charge of discharging a firearm within 500 feet of a building yet convicted him of the unlawful possession of a firearm. It is well settled that inconsistent factual verdicts, without more, do not invalidate a conviction. "[F]actual inconsistencies in verdicts 'do not afford a ground for setting aside a conviction as long as the evidence is sufficient to support a conviction on the count on which the guilty verdict was reached.'" Commonwealth v. Resende, 476

4

Mass. 141, 147 (2017), quoting Commonwealth v. Pease, 49 Mass. App. Ct. 539, 542 (2000).

Judgments affirmed.

By the Court (Massing,
Walsh & Brennan, JJ.[1]),

Clerk

Entered:   February 6, 2025.

---

[1] The panelists are listed in order of seniority.